# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| ETHAN RYDER, individually and on behalf of those similarly situated,<br><br>and<br><br>DIANE HAWKINS, individually and on behalf of those similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>WELLS FARGO BANK, N.A.,<br><br>      Defendant. | Case No. 1:19-cv-00638-TSB<br><br>Judge Timothy S. Black<br><br>Magistrate Judge Karen L. Litkovitz |

## DEFENDANT'S MOTION TO STAY PROCEEDINGS
## PENDING FINAL APPROVAL OF CLASS SETTLEMENT

PLEASE TAKE NOTICE that, by and through its counsel listed below, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits this motion seeking a stay of these proceedings until the United States District Court for the Northern District of California rules on whether to grant final approval of the proposed class settlement in *Hernandez v. Wells Fargo Bank, N.A.*, No. 3:18-cv-07354-WHA (N.D. Cal.). A stay is warranted for the reasons set forth in the accompanying memorandum of law.

Respectfully submitted,

/s/ *Scott A. King*
Scott A. King
Scott.King@ThompsonHine.com
THOMPSON HINE LLP
Austin Landing
10050 Innovation Drive, Suite 400
Miamisburg, OH 45342-4934
Telephone: (937) 443-6854
Fax: (937) 443-6635

Amanda L. Groves (admitted *pro hac vice*)
agroves@winston.com
Kobi Kennedy Brinson (admitted *pro hac vice*)
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7700
Fax: (704) 350-7800

*Counsel for Wells Fargo Bank, N.A.*

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL APPROVAL OF CLASS SETTLEMENT**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits this motion seeking a stay of these proceedings until the United States District Court for the Northern District of California rules on whether to grant final approval of the proposed nationwide class settlement in *Hernandez v. Wells Fargo Bank, N.A.*, No. 3:18-cv-07354-WHA (N.D. Cal.). A stay is warranted for the reasons set forth below.[1]

**BACKGROUND**

Beginning with putative nationwide class action *Hernandez v. Wells Fargo Bank, N.A.*, No. 3:18-cv-07354-WHA (N.D. Cal.), filed on December 5, 2018 in the Northern District of California, fifteen lawsuits have been filed in various jurisdictions across the country alleging that an error in Wells Fargo's automated decisioning software led the Bank to erroneously deny trial loan modifications for a small percentage of its borrowers. According to the lawsuits, these denials resulted from a software miscalculation of attorneys' fees used in determining whether borrowers were eligible for trial loan modifications under federal programs such as the Home Affordable Modification Program ("HAMP"). Other than *Hernandez*, four putative class actions[2] and seven individual actions[3] are currently pending across six federal jurisdictions.[4] Of these class actions,

---

[1] Wells Fargo conferred with Plaintiffs' counsel and invited Plaintiffs to join this motion, but they declined.

[2] *Coordes v. Wells Fargo Bank, N.A.*, No. 2:19-cv-00052-TOR (E.D. Wash.); *Dore v. Wells Fargo Bank, N.A.*, 2:19-cv-01601-MJH (W.D. Pa.); *Hawkins-Ryder v. Wells Fargo Bank, N.A.*, No. 1:19-cv-00638-TSB (S.D. Ohio); *Liguori v. Wells Fargo Bank, N.A*, 7:19-cv 10677 (S.D.N.Y.).

[3] *Bridglall v. Wells Fargo Bank, N.A.,* No. 703339/2019 (Sup. Ct. N.Y. Queens Cnty.); *Curran v. Wells Fargo Bank, N.A.,* No. 1:20-cv-00492 (D.D.C.); *Duncan v. Wells Fargo Bank, N.A.*, No. 3:19-cv-00172-BRM-TJB (D.N.J.); *Garcia v. Wells Fargo Bank, N.A.,* No. 1:20-cv-02402 (N.D. Ill.); *Thomas v. Wells Fargo Bank, N.A.*, No. 1:20-cv-00229-SDG-RGV (N.D. Ga.); *Van Brunt v. Wells Fargo Bank, N.A.*, No. 3:19-cv-00170-BRM-TJB (D.N.J.); *West v. Wells Fargo Bank, N.A.*, No. 5:19-cv-00286-JMH-MAS (E.D. Ky.).

[4] Three other actions have been dismissed.

1

two allege national classes[5] and two allege state classes.[6] All cases except *Hernandez* are in their initial pretrial stages, with little or no discovery having occurred and most with pending motions to dismiss.

On January 29, 2020, the Northern District of California certified a nationwide breach of contract class in *Hernandez,* consisting of borrowers who were erroneously denied a trial loan modification between 2010 and 2018 and whose homes Wells Fargo sold in foreclosure. Class Cert. Order (Ex. A) at 4. This class covers approximately 510 of the more than 800 total borrowers affected by the error. The parties in *Hernandez* have already negotiated a settlement agreement that will settle all class member claims. The court granted preliminary approval of that settlement on April 19, 2020. Prelim. Approval Order (Ex. B).[7] Plaintiff Hawkins is a member of the proposed settlement class; Plaintiff Ryder is not, but seeks to represent class members who are. *See* Dkt. 1 ¶ 140.

On January 14, 2020, the *Coordes* plaintiffs filed a petition with the Judicial Panel on Multidistrict Litigation ("JPML"), seeking to join all of these actions in a Multidistrict Litigation ("MDL") and requesting that the cases be transferred pursuant to 28 U.S.C. § 1407 and consolidated in either the Northern District of California or the Eastern District of Washington. The JPML considered the petition on March 26, 2020 and declined to consolidate, finding that

---

[5] *Coordes*; *Dore*. The plaintiffs in these two cases did not oppose a stay pending final approval of the *Hernandez* settlement, and both have already been stayed.

[6] *Liguori*; *Hawkins-Ryder*. *Dore* alleges a national class but asserts a Pennsylvania state subclass in the alternative. Plaintiffs in *Coordes* also assert a Washington state subclass for their Washington consumer protection claim.

[7] The *Hernandez* settlement class essentially mirrors the certified class: "All persons in the United States who between 2010 and 2013 (i) qualified for a home loan modification or repayment plan pursuant to the requirements of government-sponsored enterprises (such as Fannie Mae and Freddie Mac), the Federal Housing Administration (FHA), the U.S. Department of Treasury's Home Affordable Modification Program (HAMP); (ii) were not offered a home loan modification or repayment plan by Wells Fargo due to excessive attorney's fees being included in the loan modification decisioning process; and (iii) whose home Wells Fargo sold in foreclosure." Ex. B at 1-2.

although "five [of the actions] assert at least somewhat overlapping classes of borrowers[,]" the parties have "reached a proposed settlement for the certified class, and they intend to move for preliminary approval in less than a week[,]" and "the proposed class settlement may resolve at least some claims in [each] litigation . . . ." JPML Order (Ex. C) at 1-2. The JPML noted specifically that "there are alternatives to centralization available to minimize any overlap in pretrial proceedings, including informal cooperation and coordination of all actions, or other cooperative arrangements, *such as a stay of the other cases while the settlement in* **Hernandez** *proceeds.*" *Id.* at 2 (emphasis added). That is exactly what should occur here; this case should be stayed pending final approval of the settlement in *Hernandez* to minimize any overlap in pretrial proceedings and conserve party and judicial resources.

## LEGAL STANDARDS

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases in its docket with economy of time and effort for itself, for counsel and for litigants." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997). "A stay may be an appropriate order when a nationwide settlement looms, especially when the litigation would be simplified greatly by the resolution of that settlement." *Kallay v. Tween Brands, Inc.,* 2015 WL 13186225, at *1 (S.D. Ohio Oct. 29, 2015). To decide whether a stay is appropriate, the Court looks to "these factors: '(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation . . . ." *Id*.

## ARGUMENT

Here, as in *Kallay*, "[l]awsuits alleging similar facts exist around the country, and although an MDL panel declined to consolidate the actions, the panel suggested the alternative of 'voluntary

3

cooperation and coordination among the parties and the involved courts . . . .'" 2015 WL 13186225, at *1 (citations omitted). More specifically, the JPML explained that "a stay of the other cases while the settlement in *Hernandez* proceeds" may "minimize any overlap in pretrial proceedings." Ex. A at 2.

Each of the stay factors supports a stay in this case. With respect to prejudice to Plaintiff Hawkins, final approval of the *Hernandez* settlement will resolve her claims against Wells Fargo if she does not opt out of the class, and she will have suffered no prejudice as this option would provide her relief much sooner than would litigating this action through trial. Moreover, if Hawkins ultimately chooses to opt out of the settlement class, she can continue pursuing her claims here with a clearer understanding of the size of her putative class with settled borrowers excluded. Either way, Hawkins's decision not only affects her rights and strategy with respect to this case, but also the rights and strategy of her alleged putative class. Whether she chooses to press her class claims or—as opposing counsel has already indicated—she determines after review of the final settlement that class claims are not viable and she wishes to proceed individually, the decision requires a full and fair review of the final settlement terms and how they affect class and individual issues. *See Midland Funding, LLC v. Brent,* 2011 WL 1882507, at *2–3 (N.D. Ohio May 17, 2011) (staying a case despite the plaintiffs' intention to opt out of a settlement in a parallel action because "Fed.R.Civ.P. 23 and Due Process require . . . that the decision to opt out be an informed one . . . *following receipt of notice*" and "[i]t is essential to the fair and efficient administration of class settlement that [the stay remain until the plaintiffs] have validly been apprised of their rights under the settlement" and "validly opted out of the class") (emphasis in original; citations omitted).[8]

---

[8] The *Hernandez* settlement will not only affect class issues, but also issues and strategy related to any individual claims. For example, if Hawkins and Ryder decide that in light of *Hernandez*, there are

4

Plaintiff Ryder likewise has an interest in ascertaining the viability of his claims after the impact of the *Hernandez* settlement on this action is known.  As with Hawkins, whether approval is granted will inform his strategy related to his asserted class claims, as well as that related to his individual claims, including whether there are sufficient common issues after *Hernandez* to pursue joint claims with Plaintiff Hawkins or others whose claims were not resolved by *Hernandez*.  Plaintiffs will not be harmed—and may even benefit—from a stay of these proceedings in any of the above scenarios, as a stay will prevent them from expending resources unnecessarily until they know how final approval of the settlement will inform the scope and strategy of their case.

Moreover, a stay will be minimally disruptive to the current schedule.  The final approval hearing in *Hernandez* is scheduled for August 20, 2020, so a stay would only delay this action for approximately three months.  Ex. B at 2.  Wells Fargo's fully briefed motion to dismiss is pending and there are no other case deadlines; accordingly, any delay caused by the stay will only postpone case scheduling and discovery that has not yet commenced—no ongoing efforts will be interrupted.  In sum, "[t]he ruling on preliminary approval of the settlement in [*Hernandez*] will no doubt clarify the scope of the litigation in this case," so even if there were "potential for some prejudice to the proposed class in issuing a stay, that prejudice is not great . . . ." *Kallay,* 2015 WL 13186225, at *2.

The second factor also weighs in favor of granting the stay because the moving party stands to suffer hardship and inequity if the action is not stayed.  If this case proceeds, Wells Fargo faces

---

insufficient common issues to support any additional class claims beyond the breach of contract claim that was resolved, this may impact whether it is appropriate or practical for them to pursue joint claims. *See In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1080 (6th Cir. 1996) ("The commonality requirement [of Rule 23] is interdependent with the impracticability of joinder requirement."); *Bell v. Caruso*, 2007 WL 3275067, at *5 (W.D. Mich. Nov. 5, 2007) (denying joinder because "[a]s discussed above [with respect to commonality and preponderance under Rule 23], . . . the alleged losses occurred on different dates[ and] involved different circumstances").

duplicative and unnecessary discovery between this case and the discovery conducted in *Hernandez* with respect to all of the Plaintiffs that do not opt out of the *Hernandez* settlement. Plaintiffs allege an Ohio state class of, at the high end, 71 total members, some 45 of whom are members of the *Hernandez* settlement class.[9] The resolution of *Hernandez* will therefore have a significant impact on the scope and issues in this case. For example, any purported Ohio state class may already fail numerosity and impracticality of joinder requirements, and this will only become more clear as Ohio borrowers opt to remain in the *Hernandez* settlement. A stay is needed so the parties can assess the effect the *Hernandez* settlement has on this and other issues relevant to whether and what type of class claims Plaintiffs can maintain.

Moreover, until the settlement class is set in *Hernandez*, and final relief approved, the scope and nature of the class claims in this case cannot be ascertained. The appropriate scope and schedule for class and merits discovery cannot be set before Plaintiffs know the size and nature of the class they seek to pursue and how it affects things such as the common issues subject to class discovery, the timeframe needed for discovery, and the relevant and necessary expert and fact witnesses. In other words, Wells Fargo should not have to "proceed through discovery on the entire class when much of the class may be covered by the nationwide settlement in [*Hernandez*]" and a stay pending final approval "would simplify the issues, reduce the number of claimants, and hasten the resolution of this case . . . [by] prevent[ing] needless duplicative discovery on claims that are likely to be resolved by the [*Hernandez*] settlement." *Id.*; *see also Bose v. Citibank, N.A.*, 2014 WL 12571408, at *1 (S.D. Ohio Mar. 5, 2014) (granting a stay where the bank "ha[d] been named as a defendant in many lawsuits all over the country brought by mortgage borrowers that

---

[9] To the extent Plaintiffs allege a national class in this case, all members of the *Hernandez* settlement class would fall within it.

6

challenge its practices . . . at issue here" and because the plaintiff was "a member of [a separate] putative . . . settlement class, and the class she seeks to represent here . . . is included in the proposed settlement class definition."). This factor therefore weighs in favor of a stay.

The third factor looks to whether a stay will promote judicial economy by avoiding duplicative litigation and expense. As discussed above, there is substantial overlap between the putative class asserted in this case and the settlement class in *Hernandez*, and a stay would avoid duplicative litigation with respect to that overlap. This factor also supports a stay because "[w]hile the MDL panel already ruled that these related cases should not be consolidated, the Court will conserve judicial resources by granting a stay" since approval of the *Hernandez* settlement will result in "fewer class members, fewer claims, and fewer issues for the Court to resolve, all of which would conserve judicial resources." *Kallay,* 2015 WL 13186225, at *2. If "approval of the . . . [*Hernandez*] settlement is granted, Plaintiff [Hawkins] will have the opportunity to opt out and [Plaintiffs] can proceed with this lawsuit, at least with respect to [] individual claims[, but] [g]iven the uncertainty of outcomes in [*Hernandez*], . . . judicial economy and efficiency are best served by granting a brief stay in this case." *Bose*, 2014 WL 12571408, at *2.

In sum, the requested stay will cause no or negligible prejudice to Plaintiffs, will avoid hardship and inequity to Wells Fargo, and will promote judicial economy by conserving resources and avoiding duplicative litigation. A stay should accordingly be granted pending final approval of the proposed class settlement in *Hernandez*.

**REQUEST FOR RELIEF**

For the foregoing reasons, Wells Fargo requests that these proceedings be stayed until the United States District Court for the Northern District of California has ruled on whether to grant final approval of the proposed class settlement in *Hernandez*.

Respectfully submitted,

*/s/Scott A. King*
Scott A. King
Scott.King@ThompsonHine.com
THOMPSON HINE LLP
Austin Landing I
10050 Innovation Drive, Suite 400
Miamisburg, OH 45342-4934
Telephone: (937) 443-6854
Fax: (937) 443-6635

Amanda L. Groves (admitted *pro hac vice*)
agroves@winston.com
Kobi Kennedy Brinson (admitted *pro hac vice*)
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Tel: (704) 350-7700
Fax: (704) 350-7800

*Counsel for Wells Fargo Bank, N.A.*

**CERTIFICATE OF SERVICE**

    I certify that on May 28, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered parties.

/s/ *Scott A. King*
*Counsel for Wells Fargo Bank, N.A.*