# EXHIBIT B

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

ALICIA HERNANDEZ, EMMA WHITE, KEITH LINDNER, TROY FRYE, COSZETTA TEAGUE, IESHA BROWN, JOHN and YVONNE DEMARTINO, ROSE WILSON, TIFFANIE HOOD, GEORGE and CYNDI FLOYD, DEBORA GRANJA, and DIANA TREVINO, individually and on behalf of all others similarly situated,

    Plaintiffs,

    v.

WELLS FARGO BANK, N.A.,

    Defendant.

No. C 18-07354 WHA

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

    In this breach of contract class action, plaintiffs have filed a motion for preliminary approval of a proposed class settlement agreement. For reasons stated on the record, plaintiffs' unopposed motion is **GRANTED**.

    The background of this action has been set forth in a prior order and needs not be discussed in detail herein (*see* Dkt. No. 217). A prior order appointed Debora Granja and Sandra Campos as class representatives and Gibbs Law Group LLP and Paul LLP as class counsel, and certified the following nationwide class under FRCP 23(b)(3) (Dkt. No. 217 at 4):

    All persons in the United States who between 2010 and 2018 (i) qualified for a home loan modification or repayment plan pursuant

Case: 19-16378, 05/28/20, ID: 11706419, DktEntry: 12, Page 2 of 3

to the requirements of government-sponsored enterprises (such as Fannie Mae and Freddie Mac), the Federal Housing Administration (FHA), the U.S. Department of Treasury's Home Affordable Modification Program (HAMP); (ii) were not offered a home loan modification or repayment plan by Wells Fargo due to excessive attorney's fees being included in the loan modification decisioning process; and (iii) whose home Wells Fargo sold in foreclosure.

Following class certification, the parties reached a proposed settlement agreement mediated under the supervision of Magistrate Judge Donna M. Ryu (*see* Dkt. No. 269-2). "A settlement should be approved if 'it is fundamentally fair, adequate and reasonable.'" *Torrisi v. Tuscan Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (citation omitted). Preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007) (Chief Judge Vaughn Walker).

For reasons stated on the record, the proposed settlement falls within the range of possible approval. Accordingly, this order preliminarily **APPROVES** the proposed class settlement, subject to further review at the at the final approval hearing. The claim-form for the severe emotional distress fund and the proposed form of notice, to be administered by JND Legal Administration, are also **APPROVED**. Cathy Yanni is hereby **APPOINTED** special master for processing class members' claims for damages under the severe emotional distress fund. Class counsel shall submit an undertaking by Yanni accepting the terms of her assignment.

The previous deadline (April 25) for mailing class notice is hereby **VACATED** (*see* Dkt. No. 267), and plaintiffs' proposed schedule (*see* Dkt. No. 276-1 at 6) is hereby **APPROVED**. Pursuant to said schedule, the final approval hearing will be held on **AUGUST 20**.

**IT IS SO ORDERED.**

Dated: April 19, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2