UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| ETHAN RYDER, individually and on behalf of those similarly situated,<br><br>and<br><br>DIANE HAWKINS, individually and on behalf of those similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No. 1:19-cv-00638-TSB<br><br>Judge Timothy S. Black<br><br>Magistrate Judge Karen L. Litkovitz<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

Plaintiffs seek leave to amend their Complaint to assert two new claims, and these proposed amendments are rife with deficiencies.[1] The newly asserted breach of the implied covenant of good faith and fair dealing claim is not a cognizable cause of action in Ohio. And not only is Plaintiffs' proposed negligence claim preempted by the Fair Credit Reporting Act, they are unable, as a matter of law, to plead or establish a legal duty owed from bank to borrower required to advance such a claim. These proposed amendments are futile, as they would not survive a subsequent motion to dismiss. The motion for leave to add these claims to the Complaint should be denied.[2]

## LEGAL STANDARDS

"The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court." *United States v. Elsass*, 2012 WL 13134606, at *1 (S.D. Ohio Mar. 7, 2012). In exercising its discretion, "the trial court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Barrett v. ADT Corp.,* 2016 WL 865672, at *3

---

[1] In their prior amendment submission, Plaintiffs sought to add a new named plaintiff, Cindy Elder. *See* ECF Nos. 29, 29-1. Wells Fargo both informed Plaintiffs' counsel and recorded in its opposition that Elder was not affected by the calculation error at issue in this case, and so she could not assert claims based on the error or represent the proposed class. *See* ECF No. 37. When voluntarily withdrawing the proposed amendments, however, Plaintiffs misstated—and continue to misstate—Wells Fargo's position to be that Elder could not assert her claims because she was a member of the *Hernandez* settlement class. *See* ECF No. 38. That is not the case; Elder is not a member of the *Hernandez* class for the same reason she could not represent the proposed class here—she was not affected by the software error at issue in this case. Wells Fargo has again clarified this point with opposing counsel and understand it is no longer to be in dispute.

[2] In addition to the specific proposed amendments discussed in this opposition, Plaintiffs propose a small number of amendments to the allegations asserted in the initial complaint. These allegations fail to cure the deficiencies identified in Wells Fargo's pending motion to dismiss. *See* ECF Nos. 14, 22. As such, they would also be futile—further reason that leave to amend should be denied. Plaintiffs also seek leave to allege a nationwide class, which is not opposed on this motion.

(S.D. Ohio Mar. 7, 2016) (citations omitted). "[A] motion to amend a complaint should be denied if the amendment would be futile." *Willoughby v. Harger*, 2020 WL 1182312, at *2 (S.D. Ohio Mar. 12, 2020); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (same).

Where a proposed amendment "would not survive a motion to dismiss, [] granting leave to amend would be futile." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (denying leave to amend). This rule applies both to motions to dismiss filed pursuant to Rule 12(b)(6) for failure to state a claim and to motions filed under Rule 12(b)(2) for lack of personal jurisdiction. *See, e.g., Riverview Health Institute LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010) (denying leave to amend under Rule 12(b)(6)); *Georgalis v. Facebook, Inc.,* 324 F. Supp. 3d 955, 962 (N.D. Ohio 2018) (denying leave to amend under Rule 12(b)(2)). As with a Rule 12(b)(6) motion, in considering a motion for leave to amend, "the Court must: (1) view the complaint in the light most favorable to the plaintiff; and (2) take all well-pleaded factual allegations as true." *Walker v. Lyons, Doughty & Veldhuis, P.C.*, 2019 WL 1227792, at *1 (S.D. Ohio Mar. 15, 2019).[3]

---

[3] Plaintiffs allege that this Court has personal jurisdiction over Wells Fargo in part because of "the substantial business Defendant conducts in Ohio . . . ." ECF No. 39-1, Page ID#678, ¶ 16. To the extent this is meant to suggest that the Court has general jurisdiction over Wells Fargo, this is incorrect. A corporation is only subject to general jurisdiction in its state of incorporation and principal place of business, or, in "exceptional case[s]," where its operations are "so substantial . . . as to render the corporation at home in" another state. *Stehle v. Venture Logistics, LLC*, 2020 WL 127707, at *6-7 (S.D. Ohio). Ohio is not Wells Fargo's place of incorporation or principal place of business, and its business in Ohio is not so substantial as to render it at home in the state.

**ARGUMENT**

I.  **Plaintiffs' Proposed New Claims Are Futile Under Rule 12(b)(6).**

   A.  **The Good Faith and Fair Dealing Claim Is Not an Independent Cause of Action Under Ohio Law.**

Plaintiffs' proposed amendment to add a good faith and fair dealing claim, ECF No. 39-1, Page ID#706-08, ¶¶ 137-148, does not state a cognizable cause of action under Ohio law. *McGrath v. Nationwide Mut. Ins. Co.*, 295 F. Supp. 3d 796, 808 (S.D. Ohio 2018) ("Ohio does not recognize a standalone claim for breach of the implied duty of good faith and fair dealing."); *Lucarell v. Nationwide Mut. Ins. Co.,* 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458, ¶ 44 (2018) ("Courts in Ohio have [] recognized that there is no independent cause of action for breach of the implied duty of good faith and fair dealing apart from a breach of the underlying contract."). Plaintiffs are thus wrong that "amendment will not be futile" because their proposed new claims "are plausible on their face." ECF No. 39, Page ID#672. Indeed, it is hard to imagine a more apt example of futility than trying to assert a claim that does not exist.

Further, in addition to the Rule 12 standard, proposed amendments to class allegations may also be found futile on a Rule 23 standard. *See Barrett v. ADT Corp.*, 2016 WL 865672, at *4 (S.D. Ohio Mar. 7, 2016) (denying leave to amend on a Rule 23 standard because "[i]f a district judge is generally able to dispose of class claims without touching the merits of those claims, it stands to reason that a district judge need not grant a motion to amend class allegations"). As "[t]he Plaintiffs carry the burden of showing that the class representatives have a viable cause of action," and Ryder could not hope to certify a nationwide class on a claim that is not viable for him, leave to amend to add a good faith and fair dealing claim would be futile and should be denied for this reason as well. *See In re Telectronics Pacing Sys., Inc.,* 168 F.R.D. 203, 214 (S.D. Ohio 1996).

3

Wells Fargo made this same argument in opposing Plaintiffs' first motion for leave to amend, which appears to have prompted Plaintiffs to change the title of the cause of action from "Second Cause of Action: Breach of the Form Contract's Implied Covenant of Good Faith and Fair Dealing" to "Second Cause of Action: Breach of the Form Contract – Breach of the Form Contract's Implied Covenant of Good Faith and Fair Dealing." ECF No. 39-1, Page ID#706, ¶¶ 137-148. The allegations made in support of this claim remain unchanged. But under Ohio law, "good faith is part of a contract claim and does not stand alone," *Lakota Loc. Sch. Dist. Bd. of Educ. v. Brickner*, 671 N.E.2d 578, 584 (1996), and Plaintiffs already explicitly allege in the original contract claim, which remains in the proposed amended complaint as the first cause of action, that "Defendant breached the duty of good faith and fair dealing it owed to Plaintiff and members of the Class." ECF No. 39-1, Page ID#705, ¶ 134. In other words, Plaintiff may describe their second cause of action as "the second claim for breach of contract," ECF No. 39, Page ID#670 n.1, but their first cause of action already asserts a contract claim based on the alleged breach of the implied duty of good faith and fair dealing in the "form contract." This second claim is therefore either entirely redundant or simply a non-viable good faith and fair dealing claim disguised as a second contract claim. In either case, leave to amend and assert this claim should be denied as futile.

### B. Plaintiffs' Proposed Negligence Claim Is Preempted by the Fair Credit Reporting Act

Plaintiffs propose adding a "gross negligence and/or negligence" claim based on the assertion that "Defendant had an obligation to ensure that the information and statements it reported to credit reporting agencies was true and accurate[, and so] Defendant had a duty to Plaintiffs and the members of the Class to report fair, honest, and accurate information to the credit reporting agencies." ECF No. 39-1, Page ID#711, ¶ 166. This claim is preempted by the Fair

4

Credit Reporting Act, which comprehensively regulates lender reporting obligations to consumer reporting agencies. *See* 15 U.S.C.A. §§ 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under [the FCRA provision] relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ."); 1681(b). The Sixth Circuit has held that "the FCRA preempts state common law claims," including claims of negligence. *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 519–20 (6th Cir. 2019) (affirming dismissal). As in *Scott*, Plaintiffs' "common law claim[] concern[s] the same subject matter regulated under [the FCRA]," and thus is preempted. *Id.* at 520. The proposed amendment adding this claim is therefore futile, and leave to amend should be denied.

        **C.    The Negligence Claim Fails for Lack of Legal Duty Under Ohio Law.**

Plaintiffs' proposed new negligence-based claim would fail a 12(b)(6) challenge under Ohio law for another reason. "To establish actionable negligence, one must show . . . the existence of a duty, a breach of that duty and injury resulting proximately therefrom." *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 270 (1989). Plaintiffs propose adding a "gross negligence and/or negligence" claim based on the assertion that "Defendant had an obligation to ensure that the information and statements it reported to credit reporting agencies was true and accurate[, and so] Defendant had a duty to Plaintiffs and the members of the Class to report fair, honest, and accurate information to the credit reporting agencies." ECF No. 39-1, Page ID#711, ¶ 166.

Ohio law is clear, however, that there is no common law duty between a borrower and a financial institution that would support such a negligence claim. *See Carter v. Nat'l City Bank*, 2018 WL 3543699, at *5 (S.D. Ohio July 23, 2018) ("[I]t is well settled that the relationship of a bank and its customer, in the absence of special circumstances, is not a fiduciary relationship."). In fact, Ohio law provides that "[u]nless otherwise expressly agreed to in writing by the bank, the

5

relationship between a bank and its obligor, or a bank and its customer, creates *no* fiduciary or other relationship between the parties or any special duty on the part of the bank to the customer or any other party." Ohio Rev. Code Ann. § 1109.151 (West) (emphasis added); *see also Groob*, 108 Ohio St.3d 348, 353, 2006-Ohio-1189, 843 N.E.2d 1170, 1175, ¶ 22; *Rennick v. Provident Bank*, 2008 WL 696893, at *8 (S.D. Ohio Mar. 12, 2008) (claim based on breach of duty between bank and borrower could not survive 12(b)(6) dismissal under Ohio law absent written document establishing special relationship beyond creditor and debtor).

Plaintiffs contend that their proposed new claims are not futile because they "are similar to those brought in the *Hernandez* case, which Wells Fargo chose to settle rather than litigate." ECF No. 39, Page ID#672. But in *Hernandez,* the Court dismissed the negligence claim without leave to amend under Rule 12(b)(6) on the ground that a financial institution owes no duty of care to a borrower. *Hernandez v. Wells Fargo & Co.*, No. C 18-07354 WHA, 2019 U.S. Dist. LEXIS 93529, at *20-23 (N.D. Cal. June 3, 2019); *Hernandez v. Wells Fargo & Co.*, No. C 18-07354 WHA, 2019 U.S. Dist. LEXIS 140370, at *8-10 (N.D. Cal. Aug. 19, 2019). The *Hernandez* court's treatment of the "similar" negligence claim thus only underscores the futility of asserting the claim here.

In short, Plaintiffs' attempt to convert any purported obligation that Wells Fargo may have had with respect to reporting companies into a legal duty sufficient to support a negligence or gross negligence claim owed to Plaintiffs fails under Ohio law. As Plaintiffs "ha[ve] not pled a relationship [with Wells Fargo] beyond that of a creditor and debtor. . . [they have] not sufficiently pled that [Wells Fargo] owed [them] any duty and [their] negligence claim therefore fails." *Carter*, 2018 WL 3543699, at *6. Styling the claim as one for gross instead of traditional negligence does not alter this conclusion, because "[t]o establish gross negligence under Ohio law, all elements of

6

negligence must exist." *Id*. Leave to amend should therefore be denied, as the proposed claim would be futile.

## REQUEST FOR RELIEF

For the foregoing reasons, Wells Fargo requests that the Court deny Plaintiffs' motion for leave to amend the Complaint.

Dated: August 19, 2020

        */s/ Amanda L. Groves*
        Amanda L. Groves (admitted *pro hac vice*)
        agroves@winston.com
        Kobi Kennedy Brinson (admitted *pro hac vice*)
        WINSTON & STRAWN LLP
        300 South Tryon Street, 16th Floor
        Charlotte, NC 28202
        Tel: (704) 350-7700
        Fax: (704) 350-7800

        Scott A. King
        Scott.King@ThompsonHine.com
        THOMPSON HINE LLP
        Austin Landing I
        10050 Innovation Drive, Suite 400
        Miamisburg, OH 45342-4934
        Telephone: (937) 443-6854
        Fax: (937) 443-6635

        *Counsel for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I certify that on August 19, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered parties.

Dated:  August 19, 2020  /s/ *Amanda L. Groves*
*Counsel for Wells Fargo Bank, N.A.*