UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ETHAN RYDER, *et al.,* individually and on behalf of all others similarly situated, | Case No. 1:19-cv-638 |
| Plaintiffs, | Judge Timothy S. Black |
| vs. | |
| WELLS FARGO BANK, N.A, | |
| Defendant. | |

**ORDER: (1) GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (Doc. 47); and
(2) SCHEDULING FAIRNESS HEARING**

The parties to this litigation have entered into a Stipulation of Class Action Settlement ("Agreement"), which if approved, would resolve the claims of the Settlement Class. Class representatives Ethan Ryder, Jose Aguilar, John Chambers, Kimberly Duncan, Elizabeth Manley, Maureen Mann, and Viola Thomas (collectively "Representatives") filed a motion to preliminarily approve the settlement and direct notice of the proposed class action settlement. Defendant Wells Fargo Bank, N.A. supports approval of the settlement. The Court has read and considered the Agreement and all exhibits thereto, including the proposed notice and related briefing, and has determined that Plaintiffs have provided the Court sufficient information to decide whether the settlement should be granted preliminary approval. The Court concludes that it is appropriate to direct notice in a reasonable manner to all Settlement Class Members who would be bound by the proposal because the parties' showing establishes that the

Court will likely be able to approve the proposal under Rule 23(e)(2) and certify the class for purposes of judgment on the proposal. *See* Fed. R. Civ. P. 23(e)(1)(B).

## Likely Approval of the Settlement

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Agreement.

2. The Court has reviewed the terms of the Agreement, its exhibits, Plaintiffs' motion papers, the declaration of counsel, and all arguments made.

3. The Agreement is the product of litigation, including motion to dismiss briefing.

4. Based on its review, the Court will likely be able to approve the proposed settlement as fair, reasonable, and adequate under Rule 23(e)(2). *See* Fed. R. Civ. P. 23(e)(1)(B)(i). The Agreement: (a) results from efforts by Representatives and Class Counsel who adequately represented the class; (b) includes an amount of Settlement Consideration that was negotiated at arm's length during two full day mediations with Retired U.S. Magistrate Judge Morton Denlow; and (c) provides $12,000,000 in all-cash relief to the Settlement Class, which is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effective proposed method of distributing settlement funds to the Settlement Class automatically without the need for a claims process; and (iii) the terms of the proposed award of attorney's fees and costs, and service awards to Representatives; and (iv) the treatment of Settlement Class Members equitably relative to each other.

## Certification of Settlement Class

5. The proposed Settlement Class as defined is nearly identical to the litigation class identified in the Second Amended Complaint as:

> All persons in the United States who between 2010 and 2018 (i) qualified for a home loan modification or repayment plan pursuant to the requirements of government-sponsored enterprises (such as Fannie Mae and Freddie Mac), the Federal Housing Administration (FHA), or the U.S. Department of Treasury's Home Affordable Modification Program (HAMP); (ii) were not offered a home loan modification or repayment plan by Wells Fargo because of excessive attorneys' fees being included in the loan modification decisioning process; (iii) whose home Wells Fargo did not sell in foreclosure; and (iv) are reflected in the Settlement Class List as defined herein.[1]

6. The Court finds that certification of this action for purposes of settlement, pursuant to Rule 23(a) and (b)(3), is appropriate. The Court preliminarily finds for settlement purposes that: (a) the Settlement Class numbers in the thousands of persons, and joinder of all such persons would be impracticable, (b) there are common questions of law and fact that are common to the Settlement Class, those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; (c) the claims of the Representatives are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Settlement Class is superior to other available means of

---

[1] Excluded from the Settlement Class are: (i) Wells Fargo and its principals, affiliated entities, legal representatives, successor, and assigns; (ii) any Person who files a valid, timely Request for Exclusion; (iii) federal, state, and local governments (including all agencies and subdivisions thereof); and (iv) any Person who settled and released claims at issue in this Action.

adjudicating this dispute; and (e) Representatives and Class Counsel are adequate representatives of the Settlement Class. Defendant retains all rights to argue the action is not properly certified as a class action other than for settlement purposes. The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

7. Pursuant to Rule 23(g), the Court finds that the proposed Class Counsel will adequately represent the Class and hereby appoints Marc Dann of DannLaw, Michael L. Schrag, of Gibbs Law Group LLP, Richard M. Paul, III of Paul LLP, Gretchen Freeman Cappio of Keller Rohrback L.L.P., and Terence R. Coates of Markovits, Stock & DeMarco, LLC as Class Counsel.

## Notice and Administration

8. The Court appoints JND as the Class Action Administrator and directs it to fulfill its notice duties and responsibilities specified in this Order and the Agreement.

9. The Court finds that the provision for notice to the Settlement Class set forth in the Settlement Agreement and Declaration of Class Action Administrator JND satisfies the requirements of due process and Federal Rule of Civil Procedure 23 and provides the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who can be identified through reasonable effort. The Court approves, as to form and content, the Proposed Class Notice. (Doc. 47-1 at PageID #961–70). The Class Notice is reasonably calculated to apprise Settlement Class

4

Members of the nature of this litigation; the scope of the Settlement Class; the Settlement Class claims, issues, and defenses; the terms of the Agreement; the right of Settlement Class Members to appear, object to the Agreement, and exclude themselves from the Settlement Class and the process for doing so; of the Final Approval Hearing; and of the binding effect of a class judgment on the Settlement Class.

10. The Court therefore approves the proposed method of providing notice and directs JND to proceed with providing Class Notice to Settlement Class Members, pursuant to the terms of the Agreement and this Order.

11. Within **60 days of this Order** (the "Notice Date"), JND shall substantially complete its notice obligations consistent with the specifications of the Agreement including by disseminating notice to all reasonably identifiable Settlement Class Members by first class U.S. Mail and through publication of the detailed Settlement Website.

12. No later than **10 days before the hearing on final approval** of this settlement, JND shall provide an affidavit to the Court, attesting that Class Notice was disseminated in a manner consistent with the Agreement, including its exhibits.

### Objections and Exclusions

13. Settlement Class Members who wish to opt-out and exclude themselves from the Settlement Class may do so by submitting such request in writing consistent with the specification listed in the Class Notice no later than **45 calendar days after the Notice Date**.

14. To be valid, a Settlement Class Member must complete and mail to the Class Action Administrator a Request for Exclusion that is postmarked by the Opt-Out Deadline and must be personally signed. If more than one borrower was on the applicable loan, both borrowers must personally sign the Request for Exclusion.

**15.** JND must provide Class Counsel and Defendant's Counsel with a final list of any timely Requests for Exclusion received by the Class Action Administrator within **five (5) business days after the Opt-Out Deadline.**

16. Any Settlement Class Member who wishes to object to the Settlement must, no later than **45 days after the Notice Date** submit a written notice of objection to Class Counsel, the Court, and counsel for Wells Fargo, as provided in the Agreement.

17. The written objection must contain the following:

    a. The name, address, telephone number, and, if available, the email address of the Person objecting, and if represented by counsel, of their counsel.

    b. The specific legal and factual bases for all objections.

    c. Copies of all papers, briefs, or documents on which the objection is based.

    d. Whether he/she intends to appear at the Final Approval Hearing, either with or without counsel, and if so, a list of all persons, if any, who will be called to testify in support of the objection.

    e. A statement of their membership in the Settlement Class.

6

    f.    A detailed list of any other objections submitted by the Settlement Class Member, or their counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member or their counsel has not objected to any other class action settlement in any court in the United States in the previous five years, they shall affirmatively state so in the written materials provided in connection with the objection to this Settlement.

    g.    A detailed list of all cases in the previous five years, in which the Settlement Class Member (and/or their counsel) has received payment or other consideration in connection with forgoing or withdrawing an objection, or forgoing, dismissing, or abandoning an appeal from a judgment approving the proposal, and

    h.    The objecting Settlement Class Member's signature.

18. All Settlement Class Members who do not submit a Request for Exclusion shall be bound by the terms of the Agreement upon entry of the Final Approval Order and Judgment.

## **Final Approval Hearing and Schedule**

19. The Court will hold a hearing on entry of final approval of the settlement, as well as an award of fees and expenses to Class Counsel at **10:00 a.m. on Tuesday, January 25, 2022**, at the Potter Stewart U.S. Courthouse of the United States District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, Ohio 45202.

The date, time, and format (in-person or virtual) of the hearing may change at the Court's discretion, and any changes to the date, time, and format shall be updated on the settlement website.

20. At the final approval hearing, the Court will consider: (a) whether the settlement should be approved as fair, reasonable, and adequate for the Settlement Class, and judgment entered on the terms stated in the Settlement Agreement; and (b) whether Plaintiffs' application for an award of attorney's fees and expenses to Class Counsel ("Fee Application") should be granted.

21. Plaintiffs shall move for final settlement approval and approval of attorney's fees and litigation expense reimbursements at a date such that the final approval hearing will occur no later than **January 25, 2022**. Plaintiffs shall make such motions **at least 14 days prior to the hearing**.

22. The deadlines outlined above are summarized in the below chart.[2]

23. The Court reserves the right to adjust the date of the final approval hearing and related deadlines.

24. All pending deadlines, except those specified herein, are hereby **VACATED**, except for settlement approval proceedings, this matter is **STAYED**.

---

[2] If any deadline falls on a Saturday, Sunday, or holiday, the deadline shall move to the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6.

| | |
|---|---|
| Notice Date | Within 60 days after entry of this preliminary approval Order |
| Deadline to file Notice of Objection | 45 days after the Notice Date |
| Deadline to Request Exclusion | 45 days after the Notice Date |
| JND to provide class counsel list of timely Requests for Exclusion | 5 business days after the Opt-Out Deadline |
| Deadline to file motion for final approval of the settlement and for attorney fees and litigation costs | 14 days before the hearing on final approval |
| Deadline to file affidavit attesting notice was disseminated as ordered | 10 days before the hearing on final approval |
| Final Approval Hearing | January 25, 2022 |

**IT IS SO ORDERED.**

Date: 8/17/2021

*s/Timothy S. Black*
Timothy S. Black
United States District Judge

9