# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **ETHAN RYDER et al.,** *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>**WELLS FARGO BANK, N.A.**<br><br>Defendant. | Case No.1:19-CV-638<br><br>Judge Timothy S. Black<br><br>Magistrate Judge Karen L. Litkovitz |

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter came before the Court for hearing pursuant to the Court's August 17, 2021 Order (1) Granting Preliminary Approval of Class Action Settlement; and Scheduling a Fairness Hearing (Doc. 50), on the application of Plaintiffs Ethan Ryder, Jose Aguilar, James Chambers, Kimberly Duncan, Elizabeth Manley, Maureen Mann, and Viola Thomas ("Representatives") and the Class of Plaintiffs they represent (collectively, "Plaintiffs") for approval of the settlement ("Settlement") set forth in the Stipulation of Class Action Settlement ("Settlement Agreement") and all exhibits attached thereto, entered into with Wells Fargo Bank, N.A. ("Wells Fargo"). This Court held a fairness hearing on January 25, 2022 to consider whether the Settlement was fair, reasonable, and adequate, and to determine the reasonableness of Plaintiffs' Counsel's attorneys' fee and litigation expenses, and Service Awards for the four Class Representatives. Having considered all papers filed and proceedings held herein, and having declarations from

1

Class Counsel, the Class Representatives, and JND Legal Administration ("JND"), and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Order incorporates by reference the definitions in the Settlement Agreement and all terms used herein shall have the same meaning as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement Agreement are fully incorporated in this Order as if set forth herein.

2. The Court has jurisdiction over the subject matter of the Settlement and all parties in this matter, the Settlement Agreement and Settlement.

3. The Court finds that due and adequate notice was given in last 2021 to the potential class members of their right to be excluded from the Class.

4. The Court finds that due and adequate notice was given of the Settlement, the Allocation of the Settlement proceeds, Class Counsel's request for attorneys' fees and reimbursement of litigation expenses, Service Awards for the Class Representatives, and that the form and method for providing such Notice to the Class:

    a. constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort;

    b. was reasonably calculated, under the circumstances, to apprise Class Members of: (i) their right to object to any aspect of the proposed Settlement, including the terms of the Settlement Agreement; (ii) their right to appear at the Settlement Fairness Hearing, either on their own or through counsel hired at their own expense, if they were not excluded from the Class; (iii) their right to object to the Settlement; (iv) their right to opt out of the terms of the Settlement; (v) the amount of attorneys' fees, litigation expenses, and Class Representative Service Awards requested in the Settlement; and (vi) the binding effect of the proceedings,

2

rulings, orders and judgment in this Action, whether favorable or unfavorable, on all persons who are not excluded from the Class;

    c. was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with such notice; and,

    d. fully satisfied all the applicable requirements under Fed. R. Civ. P. 23, due process, and all other applicable laws.

  5. The Class excludes those persons or entities who timely and validly filed a request to opt out from the Settlement. Ten timely requests to opt out from the Settlement were received from Edward and Jane Cardoso, Heather Cole-Sticht; Rachel Curran; Sharon and Gabriela Josef; Darren Kakos; Angela Smith; Jeffrey Struggs; Chad and Kimberly Vriezelaar; Christopher S. Whinery; and Kenneth Whitehead. Accordingly, these ten timely opts outs are excluded from the Settlement. Persons or entities who timely filed complete and valid requests to opt out from the Class and who have not availed themselves of the opportunity to opt back into the Class are not bound by this Order or the terms of the Settlement, and may pursue their own individual remedies against Wells Fargo, to the extent they have standing to do so. Such persons or entities are not entitled to any rights or benefits provided to the Class Members under the Settlement.

  6. There were three objections to the Settlement filed by Mary Lou and James Box (Doc. 52), Sharean Dumas (Doc. 51), and Demetrius and Danelle Leonard (Doc. 53-2, PageID# 1135-1137). Mary Lou and James Box and Demetrius and Danelle Leonard withdrew their objections (*see* Docs. 53-3 and 54). With only 1 objection remaining to the Settlement, this Court reviewed the Dumas objection and finds that it is without merit. Objector Dumas generally asserts that the payment amount to her is too low give her individual experience with Wells Fargo and she does not include any documentation to support her claim that she should is due any amount more than she would receive under the Settlement. Doc. 51. Objector Dumas's objection is overruled because she had the ability to opt out of the Settlement if she believed she

should receive a higher individual payment from Wells Fargo than that made available under the Settlement and she admitted she had no evidence to justify a higher payment. *See Rosado v. eBay, Inc.*, No. 5:13-cv-04005, 2016 WL 3401987, at *9 (N.D. Cal. June 21, 2016).

7. Under Fed. R. Civ. P. 23(e), this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Plaintiffs and the Class. Accordingly, the Settlement embodied in the Settlement Agreement is approved in all respects and shall be consummated in accordance with its terms and conditions. Plaintiffs and Wells Fargo are hereby directed to perform the terms of the Settlement Agreement, and the Clerk of the Court is directed to enter and docket this judgment in this action.

8. This Court hereby approves the Plan of Allocation as set forth in the Settlement as fair and equitable. The Court directs Class Counsel, JND Legal Administration ("JND"), and Wells Fargo to proceed with processing and further administering the Settlement under the terms of the Settlement Agreement, including the Allocation of the Settlement funds to Class Members.

9. This Court, having considered Class Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Service Awards hereby:

    a. concludes that Class Counsel's requested fee award of $2,719,093.00 is fair and reasonable;

    b. concludes that Class Counsel's requested reimbursement of litigation expenses of $43,726.97 is fair and reasonable is fair and reasonable, and reasonably incurred on behalf of the Class;

    c. concludes that the Service Awards proposed of $17,000.00 total ($5,000 to Ethan Ryder, and $2,000 each to Jose Aguilar, James Chamber, Kimberly Duncan, Elizabeth Manley, Maureen Mann, and Viola Thomas) are fair and reasonable, and necessary to

compensate the Class Representatives for their time and effort and the risk they undertook in pursuing this Action.

10. The Court-approved attorneys' fees and expenses reimbursed above shall be paid to Class Counsel as provided in the Settlement Agreement. The $2,719,093.00 Fee Award will also cover the additional time Class Counsel will spend on the administration of the Settlement.

11. All payment of attorneys' fees and reimbursement of litigation expenses to Class Counsel in this Action shall be made payable in the form and manner as stated in the Settlement Agreement.

12. Wells Fargo is hereby released and forever discharged from any and all of the Released Claims. All Class Members are hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any of the Settled Class Claims in any court or other forum against any of the Released Party. All Class Members are bound by the Settlement Agreement and hereby are forever barred and enjoined from taking any action in violation of the Settlement Agreement.

13. The Court hereby dismisses with prejudice this Action and all of Plaintiffs' claims against Wells Fargo. Plaintiffs and Wells Fargo shall bear their own fees and costs.

14. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed under or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed or may be used as an admission of, or evidence of, the validity of any of Plaintiffs' claims against Wells Fargo; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Wells Fargo in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Settlement Agreement, the Settlement contained therein, and any other documents executed in connection with the performance of the agreement embodied therein. Wells Fargo may file the Settlement Agreement and/or this Order in any action that may be brought against

them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Order in any way, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Settlement Fund; (b) disposition of the Settlement Fund; and, (c) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

16. Neither appellate review, nor modification of the Settlement or Settlement Agreement, nor any action in regard to the award of Class Counsel's attorneys' fees and reimbursement of litigation expenses or Service Awards to Class Representatives, shall affect the finality of any other portion of this Order, nor delay the Effective Date of the Settlement Agreement, and each shall be considered separate for the purposes of appellate review of this Order.

17. In the event that the Settlement does not become Final in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, then this Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

18. This Order applies to all claims asserted in this Action. This Court finds, for purposes of Fed. R. Civ. P. 54(b), that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

19. Accordingly, the Court finds the Settlement fair, reasonable and adequate, and hereby grants final approval of this class action Settlement.

**IT IS SO ORDERED.**

Date: 1/25/2022

Timothy S. Black
United States District Judge